**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JENNIFER HOWELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **1:21-cv-00283** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **KOHN LAW FIRM, S.C.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

NOW COMES the plaintiff, JENNIFER HOWELL, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the defendant, KOHN LAW FIRM, S.C., the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4.      JENNIFER HOWELL, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Chicago, County of Cook, State of Illinois.

5.      The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to Midland Credit Management (hereinafter, "the Debt").

6.      Upon information and belief, the Debt was incurred for the personal use of Plaintiff and/or used for household expenditure.

7.      Upon information and belief, Midland Credit Management purchased, acquired and/or otherwise obtained the Debt for the purpose of collection from Plaintiff.

8.      At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9.      KOHN LAW FIRM, S.C., (hereinafter, "Defendant") is a business entity/law firm engaged in the collection of debt within the State of Illinois.  Defendant's principal place of business is located in the State of Wisconsin.   Defendant regularly files lawsuits for the collection of consumer debts in the State of Illinois.

10.      The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11.      Upon information and belief, Defendant was hired by Midland Credit Management to collect the Debt from Plaintiff.

12.      Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

13.      During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

14.      At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

15.     At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.     ALLEGATIONS

16.     Beginning in about March of 2020, Defendant began attempts to communicate with Plaintiff by initiating telephone calls to Plaintiff.

17.     Defendant's calls to Plaintiff continued up to and including on or about December 28, 2020.

18.     In each phone call made to Plaintiff, the call came from 800-451-1791.

19.     Plaintiff did not recognize that number, and having been inundated with robocalls and unwanted telemarketing, Plaintiff allowed the calls to go to her voicemail.

20.     In at least two (2) phone calls made to Plaintiff in the aforementioned period, Defendant's caller stated, "This is Rick Kingsley please give me a call back at 800-451-1791 extension 2083."

21.     In at least six (6) phone calls made to Plaintiff in the aforementioned period, Defendant's caller stated, "…this is Melissa Santiago please give me a call back at 800-451-1791 extension 3041."

22.     During the course of its telephone calls with Plaintiff, Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

23.     At no time during the course of the aforementioned telephone call to Plaintiff did Defendant provide information relative to the individual caller's identity.

24.     Defendants failure to identify themselves and the purpose of their calls deprived Plaintiff of the opportunity to know who was attempting to reach her and intelligently respond to the call.

25.     Defendants failure to identify themselves and the purpose of their calls deprived Plaintiff of the opportunity to properly determine whether to respond and how to respond to the call.

26.     In its attempts to collect the debt allegedly owed by Plaintiff to Midland Credit Management, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a.  Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

   b.  Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

   c.  Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

27.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.     JURY DEMAND

28.     Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JENNIFER HOWELL, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

   a.     All actual compensatory damages suffered;

   b.     Statutory damages of $1,000.00;

      c.      Plaintiff's attorneys' fees and costs;

      d.      Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**JENNIFER HOWELL**

By:    s/ David M. Marco
         Attorney for Plaintiff

Dated: January 17, 2021

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:  (312) 546-6539
Facsimile:  (888) 418-1277
E-Mail:      dmarco@smithmarco.com